UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DENISE S. HALL,<br><br>    Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:22-cv-02656<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Now comes DENISE S. HALL ("Plaintiff"), by and through the undersigned, complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Western District of Tennessee and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Tennessee.

### PARTIES

1

4. Plaintiff is a consumer over 18 years of age residing in Memphis, Tennessee, which lies within the Western District of Tennessee.

5. Defendant is a third party debt collector that collects upon a variety of consumer-related debts. Defendant is a corporation organized under the laws of the state of Washington with its principal place of business located at 21222 30th Drive SE, Suite 120, Bothell, Washington 98028.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a purported debt ("subject debt") Plaintiff is said to owe in connection with a residential apartment obligation.

8. Upon information and belief, following Plaintiff's purported default on the subject debt, the subject debt was placed with Defendant for collection purposes.

9. Beginning in approximately the beginning of July 2022, Defendant began contacting Plaintiff in an effort to collect upon the subject debt.

10. Upon initially speaking with Defendant, Plaintiff informed Defendant that she was out of work and could not pay the subject debt, and further inquired about the availability of any payment arrangements.

11. Plaintiff was told that she would be able to set up payment arrangements when able.

12. Plaintiff subsequently contacted Defendant towards the end of July to attempt to set up the represented payment arrangement.

13. However, rather than be willing to work with Plaintiff as previously represented, Defendant became rude and aggressive in its efforts to collect the subject debt from Plaintiff.

14. Defendant's conduct included threatening Plaintiff that Defendant would sue Plaintiff if she did not pay the subject debt.

15. However, upon information and belief, at the time Defendant made *its* threat of filing a lawsuit against Plaintiff, any lawful ability for such lawsuit to be commenced resided with the then-creditor of the subject debt, rather than Defendant.

16. As such, Defendant lacked the lawful ability to make the threat that it, rather than the creditor, would sue Plaintiff in connection with the subject debt.

17. Defendant made its threat in a harassing and deceptive effort to compel Plaintiff's prompt payment on the subject debt despite having no basis to make such threat.

18. Plaintiff attempted to work out her issues with Defendant, but was treated to more rude and aggressive conduct, at which point Plaintiff pleaded with Defendant to simply be treated like a human being and be shown some respect.

19. Defendant's response suggested that Plaintiff did not deserve respect because she owed the subject debt.

20. Plaintiff was unable to meet Defendant's demands for payment in full, but again pleaded with Defendant to be allowed to set up some sort of payment arrangement.

21. Plaintiff was told that was no longer an option, and that Defendant would move forward and report the subject debt on her credit if she did not pay the subject debt in full by August 1st.

22. Defendant further told Plaintiff that the subject debt would incur interest every day and that Plaintiff would not be able to pay the debt off as it continued to accrue interest.

23. As Plaintiff continued to address the situation with Defendant, Defendant hung up on Plaintiff.

24. Plaintiff called Defendant back, and was hung up on once again.

25. Upon information and belief, Defendant harassingly, falsely, deceptively, misleadingly, and unfairly refused to allow Plaintiff to set up a payment arrangement so as to attempt to compel Plaintiff's full payment on the subject debt, despite its prior representations that Plaintiff could set up a payment arrangements.

26. Defendant's conduct seeks to convince consumers they can set up payments arrangements, so such consumers go about collecting the funds necessary to set those payment arrangements up.

27. However, when such consumers attempt to set up such payment arrangements, Defendant, knowing such consumer has some amount of money, refuses to honor the previous representations as to the availability of payment arrangements in an effort to collect payment in full.

28. Defendant's allusions to imminent credit reporting were further designed to increase the pressure on Plaintiff to address the subject debt in full, despite Defendant knowing Plaintiff's inability to pay the subject debt.

29. Further, upon information and belief, in the event Plaintiff began making payments on the subject debt, interest would have stopped accruing as Plaintiff made monthly payments towards satisfying the subject debt.

30. As such, Defendant's refusal to allow Plaintiff to set up payment arrangements, in conjunction with informing Plaintiff that interest would prevent her ability to address the debt as it continued to accrue, were further designed to harassingly and deceptively get Plaintiff to make payment in full, rather than in installments.

31. Upon further information and belief, Defendant does routinely offer consumers payment plans to satisfy obligations, and would have allowed Plaintiff to make payment arrangements down the line, as refusing to allow indebted individuals to make installment payments would seriously

hinder Defendant's, let alone any debt collector's, ability to recoup payments from indebted consumers.

32. Frustrated, distressed concerned over Defendant's conduct, Plaintiff spent time conferring with counsel regarding Defendant's collection efforts, resulting in lost time and resources.

33. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

34. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, invasion of privacy, detrimental reliance, denial of the benefit of her bargain, anxiety, fearfulness, deprivation of the ability to intelligently respond to Defendant's collection efforts as a result of their deceptive and misleading conduct, and further violations of her federally protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

37. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction entered into by Plaintiff primary for personal, familial, and household use.

38. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party.

39. Defendant identifies itself as a debt collector, and is a business whose principal purpose is the collection of debts.

### a. Violations of FDCPA §1692d

40. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

41. Defendant violated § 1692d through the generally harassing nature of the collection conduct engaged in by Defendant. Defendant harassing conduct includes but is not limited to its harassing threats of litigation against Plaintiff absent the lawful ability to make such threats, refusal to honor its own representations, repeatedly hanging up on Plaintiff, belittling Plaintiff, making Plaintiff believe she would forever be unable to pay the debt, and the overall rude and aggressive manner in which Defendant attempted to collect the subject debt from Plaintiff.

42. Defendant further violated §§ 1692d and d(2) when it used language designed to suggest that Plaintiff was undeserving of respect because she purportedly owed the subject debt. Due to the harassment Plaintiff felt at the hands of Defendant, she pleaded to be treated like a human being and with some amount of respect. However, Defendant harassingly suggested to Plaintiff that she was not deserving of such respect. This conduct had the natural consequence of harassing and abusing Plaintiff.

### b. Violations of FDCPA § 1692e

43. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

45. Defendant violated §§ 1692e and e(10) through the false and misleading representations made regarding the availability of payment arrangements. After representing such options were available, Defendant subsequently cut against those representations in refusing to allow Plaintiff to set up payment arrangements. Similarly, Defendant routinely allows consumers to make payment arrangements and would have allowed Plaintiff to set up such arrangements in connection with the subject debt. Upon information and belief, Defendant's conduct is part of an overarching scheme to get consumers who are ready to make payments towards a payment arrangement to instead make full payment on a debt since Defendant knows such consumers at least have some amount of money they have set aside to address the subject debt.

46. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10) when it falsely, deceptively, and misleadingly suggested that it would sue Plaintiff if she did not pay the subject debt in full. Because only the original creditor would have had the lawful ability to initiate such collection litigation, Defendant's representations that *it* would sue Plaintiff falsely and deceptively suggested to Plaintiff the extent to which Defendant had the lawful ability to follow through on its threats.

### c. Violations of FDCPA § 1692f

47. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

48. Defendant violated §1692f when it unfairly threatened and harassed Plaintiff.

49. Defendant violated § 1692f when it unfairly suggested Plaintiff was not deserving of respect.

7

50. Defendant violated § 1692f when it unfairly suggested to Plaintiff that the accrual of interest would result in her being forever unable to pay the subject debt. Defendant engaged in this conduct in an effort to compel Plaintiff to make a full payment rather than partial payment.

51. Defendant violated § 1692f when it unfairly refused to allow Plaintiff to make payments on the subject debt despite it representing to Plaintiff that she could make such arrangements.

52. Defendant violated § 1692f when it unfairly refused to allow Plaintiff to make a payment arrangement when it routinely allows consumers to make such arrangements.

53. Defendant violated § 1692f when it unfairly suggested that it would sue Plaintiff, when it could not sue Plaintiff.

54. Defendant further violated §1692f when it unfairly and unconscionably attempted to collect on the subject debts by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

55. Furthermore, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debts by continuously calling Plaintiff's girlfriend numerous times without consent, and disclosing that Plaintiff owes the subject debts. Attempting to coerce Plaintiff into payment by placing voluminous phone calls to her girlfriend without her consent is unfair and unconscionable behavior. These means employed by Defendant only served to worry and humiliate Plaintiff.

56. Additionally, Defendant violated § 1692f when it unfairly failed to provide Plaintiff with the requested confirmation regarding the parties' payment arrangements.

57. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff DENISE S. HALL respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: September 26, 2022                     Respectfully Submitted,

By: /s/ Nathan C. Volheim
*Pro Hac Vice Application Pending*
Nathan C. Volheim
SULAIMAN LAW GROUP, LTD
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 568-3056
Facsimile: (630) 575-8188
Email: nvolheim@sulaimanlaw.com